## Case No. 1,951.

### BROOKS v. D'ORVILLE et al.

[7 Ben. 485.][1]

District Court, S. D. New York. Nov., 1874.

BANKRUPTCY—FRAUDULENT SALE—MORTGAGE BY VENDEE—NOTICE OF BANKRUPTCY PROCEEDINGS—SUIT BY ASSIGNEE—COSTS.

1. The E. & I. Co., when insolvent, made a bill of sale of the furniture and fixtures of the office where its business was carried on, and of the lease of the office, to D'O., who knew of the insolvency of the company at the time. D'O. took possession of the furniture, and mortgaged it for $400 to M. After the mortgage was given and filed, bankruptcy proceedings were instituted against the company, which resulted in an adjudication of bankruptcy and the appointment of an assignee. After M. had been notified that the assignee in bankruptcy claimed the property, he assigned the mortgage to K., and K. sold the property. The assignee brought this suit to recover back the value of the property: *Held*, that the sale to D'O. was voidable as against the assignee.

2. The sale was sufficient to support the mortgage by D'O. to M., D'O. being at the time in possession of the property, and M. having advanced the money on the faith of assurances by officers of the company that D'O. had the right to mortgage it.

3. M. had no right, after notice of the complainant's claim, to assign the mortgage to K., and that K. acquired no greater rights than M. had.

---

[1] [Reported by permission.]

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

4. The complainant was entitled to a decree against D'O. for the value of the property, with costs and interest and against M. and K. for that amount, less the amount advanced by M. on the mortgage, with interest, and less their costs.

This was a bill in equity, by the complainant [Horace J. Brooks] as assignee in bankruptcy of the Employment and Indemnity Company of the City of New York, to set aside a bill of sale of personal property executed by that company to the defendant [Adolphus] D'Orville, and a mortgage of the same property executed by D'Orville to the defendant [George] Marthaler, and by him assigned to the defendant [Samuel] Kellinger, on the ground that said bill of sale was fraudulent under the bankruptcy act, and that, therefore, D'Orville had no right to mortgage the property to Marthaler, nor Marthaler to assign the mortgage. The bill also sought to recover the value of the property which had been sold by Marthaler and Kellinger, after notice of the complainant's rights to it as assignee. [Decree for complainant.]

Thomas D. Robinson, for complainant.
Lapaugh & Ames, for D'Orville.
J. W. Feeter, for Marthaler.
J. S. Sanford, for Kellinger.

BLATCHFORD, District Judge. There can be no doubt that the pretended sale by the company to D'Orville was voidable as against the assignee in bankruptcy. It was made when the company was insolvent, and was known to be so by D'Orville. It was a sale of all the furniture and fixtures in the office of the company and of its interests under the lease it held of the premises where its business was carried on. The sale deprived the company of its means of continuing its business, and was a sale out of the usual and ordinary course of business of the company. Neither D'Orville nor any officer of the company is examined to show the consideration paid or received for the sale, or to sustain the bona fides of the transaction.

As to the mortgage by D'Orville to Marthaler, although the conveyance to D'Orville was one which the assignee in bankruptcy could impeach, yet the furniture was in the possession of D'Orville, and he dealt with it as his own, and the officers of the company informed Marthaler that the furniture belonged to D'Orville and that he had a right to mortgage it, and Marthaler advanced $400 in cash to D'Orville on the security of the mortgage, and it was given and filed before the bankruptcy proceedings were commenced. The conveyance to D'Orville was good between the parties to it, so as to support a mortgage given by D'Orville on the furniture, under the circumstances above stated, although, as against D'Orville, the as-signee in bankruptcy can hold him to respond for the value of the furniture and fixtures and other property of which, by his act, the assignee has been deprived. The mortgage being valid as respects Marthaler, he had a right to hold it as security for the money he advanced on the faith of it. But he had no right, after he had been notified of the bankruptcy proceedings and of the claim made on behalf of the assignee, to assign the mortgage to Kellinger. Nor did Kellinger acquire, by such assignment, or by a sale under the mortgage, any greater rights than Marthaler had, for Kellinger had full notice of the claim made by the assignee.

The plaintiff does not, in the bill, offer to pay the amount advanced by Marthaler on the mortgage. He claims to recover against Marthaler and Kellinger the entire value of the property. There must be a decree declaring the rights of the parties to be as above stated, and referring it to the clerk, as a master, to ascertain and report the value of the property at the time of the commencement of this suit, to the end that a decree may be made, as against D'Orville, setting aside the sale to him, and decreeing a recovery against him, and to the end that a decree may be made, as against Marthaler and Kellinger, for a recovery from them. The recovery against Marthaler and Kellinger will be the amount of such value, with interest from the commencement of this suit, less the amount advanced by Marthaler on the mortgage, with interest from the date of such advance. The recovery against D'Orville will be the amount of such value, with interest from the commencement of this suit. The master will report the amounts which the plaintiff is entitled to recover, on these principles. The plaintiff will be entitled to costs as against D'Orville, and must pay costs to Marthaler and Kellinger. All further questions and directions are reserved until the coming in of the report of the master.